## Charles Jessup v. The State.

### No. 2346. Decided May 21, 1902.

**1.—Uttering Forged Instrument—Venue of Offense.**

Our statute, Code of Criminal Procedure, expressly provides that the prosecution for forgery may be in the county where the instrument was forged; but this does not apply to the offense of uttering or passing the instrument unless it was used, passed or attempted to be passed in the county where it was executed.

**2.—Same—Jurisdiction.**

On a prosecution for uttering a forged written instrument, where it appeared that said instrument was a draft drawn in Harris County, Texas, upon a bank in Arkansas, and was mailed to said bank and there received and cashed; Held, the draft was not passed or uttered, but was still in the hands of defendant through his innocent agent, the United States mail, until it reached its destination in the State of Arkansas; and it was, for the first time, passed and uttered when it was received and paid in Arkansas, and the District Court of Harris County had no jurisdiction with regard to the passing and uttering of the same.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of uttering or passing a forged instrument in writing; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Brockman & Kahn* and *E. T. Branch,* for appellant.—The undisputed testimony showed that the alleged forged draft was never passed by appellant to anyone in Harris County, but on the contrary showed that he mailed it inclosed in an envelope, sealed up and accompanying a letter addressed to the Citizens Bank at Prescott, Ark., and that it was taken from the mail at said Prescott by J. S. Regan, the cashier of said bank, and that he, there in the State of Arkansas, issued and mailed "exchange" on the Chase National Bank of New York, and that he mailed said exchange at Prescott, Ark., directed to appellant at his address in Houston, Harris County, Texas. This was the proof, and all of the proof, upon the issue of passing, or uttering, the alleged forged instrument in Harris County. Owens v. State, 28 Texas Crim. App., 122, 123; Thompson v. State, 33 Texas Crim. Rep., 472-474; Parks v. State, 29 Texas Crim. App., 597; Dill v. State, 35 Texas Crim. Rep., 240-242; Thomas v. State, 34 Texas Crim. Rep., 481-483; Whaley v. State, 9 Texas Crim. App., 305-307; Sharp v. State, 15 Texas Crim. App., 171-188; Mayfield v. State, 23 Texas Crim. App., 645-649; Allen v. State, 24 Texas Crim. App., 216-225.

The mailing of the alleged forged instrument in Houston, Harris County, Texas, directed to the Citizens Bank at Prescott, Ark., and the receipt of same at said Prescott, Ark., did not constitute a passing of said instrument in Harris County, but if an offense at all, same constituted an offense against the laws of Arkansas and not the laws of Texas.

Article 225 of the Code of Criminal Procedure, defining the venue of forgery and uttering forged papers, provides as follows: "The offense

of forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed; all forgeries and uttering, using or passing, of forged instruments in writing, which concern or affect the title to land in this State, may also be prosecuted in the county in which the seat of government is located, or in the county in which the land, or a part thereof, concerning or affecting the title to which the forgery has been committed is situated."

Where the facts indicate an attempt to pass, the indictment would have to be so framed as to charge said facts. See White's Penal Code, sec. 898. There is no such allegation in the indictment in this case.

Article 225, Code of Criminal Procedure, is the only statute bearing directly upon the question of jurisdiction of uttering a forged paper. This article, however, manifestly applies to instruments that affect or concern the title to lands; construing it in accordance with the well known rules of interpretation, and agreeably to the maxim "expressio unius est exclusio alterius."

This article, then, applying only to instruments that concern lands, does not apply to the case at bar.

The special provision not applying, we look to article 246, the general provision on the subject of jurisdiction, and construing both articles together it is evident that all cases of uttering, passing, or using forged instruments in writing which do not concern or affect title to lands, must be prosecuted in the county where the offense was committed.

It follows from an inspection of the record that in the case at bar the offense, if any, was committed wholly without the State of Texas, and that article 224 can not apply, which article reads: "An offense committed wholly or in part without the State, and made punishable by law within this State, may be commenced and carried on in any county in which the offender may be found."

Under no phase of the case at bar could article 224 Code of Criminal Procedure apply, because the check alleged to be forged and passed does not concern or affect any lands, and the offense, if any, is, if committed wholly without the State, not made punishable by law within this State.

Article 230 of the Code of Criminal Procedure is the only article under our law which authorizes the punishment within this State of any offense commenced within the State, and ending without the State, and that provides as follows: "If a person, being at the time within this State, shall inflict upon another out of this State, an injury by reason of which the injured person dies without the limits of this State, he may be prosecuted in the county where he was when the injury was inflicted."

Article 232 of the Code of Criminal Procedure, provides as follows: "If an offense be committed upon any river or stream, the boundary of this State, it may be prosecuted in the county the boundary of which is upon such stream or river, and the county seat of which is nearest to the place where the offense is committed."

Construing the above article (232) it was decided in Spears v. State,

8 Texas Crim. App., 467, that, "inasmuch as the United States and Spain by the treaty of 1819, adopted Red River as a coterminous boundary, without designating either of its banks, it must, under the general rule, be held that the channel or middle of the river was the line intended; whence it follows that the jurisdiction of Texas extends to that line at least."

Our statutes, and article 232 of the Code of Criminal Procedure, as construed in the Spears case, clearly establishes that this State has never sought to entertain jurisdiction or to confer jurisdiction upon its courts over any act committed beyond its limits, excepting in the special instances contained in articles 224, 230 and 231 of the Code of Criminal Procedure, and articles 236 to 239 (relating to commissioners of deeds), and article 553 of the Penal Code, and none of these would confer jurisdiction in the case at bar, and all of them are confined to the special matters for which they provide.

If this question has ever been directly before this court or the Supreme Court of this State, that is, the question of the jurisdiction of a court in this State having jurisdiction of the passing of a forged instrument beyond its limits, that is, in another State, and where the act, that is, the transmission of the alleged forged paper was the mailing of a letter containing said paper in a county in this State, directed to the point in the other State where said paper was to be used, we have been unable to find the decision, and therefore we must look to the decisions in other jurisdictions, and to the general rule (spoken of in Spears case, supra) for authorities upon the subject.

Mr. Bishop states the rule as follows: "A person who sends away a letter inclosing a forged instrument to defraud the person addressed, may be indicted in the county to which it is transmitted, though he does not go there himself." (Citing McGuire v. State, 37 Ala., 161.) 1 Bish. New Crim. Proc., sec. 53, subdiv. 4.

"The crime of forgery, like other criminal offenses, should be prosecuted in the county or district where the crime is committed. Where the offense charged is the uttering and publishing of a forged instrument with intent to defraud, the place where the instrument was so uttered and published, and not the place where the forgery was committed, determines the jurisdiction of the court; the reason of the rule being that the crime of uttering and publishing is not complete until the paper is transferred and comes to the hands of some person other than the defendant." 9 Am. and Eng. Enc. of Pl. and Prac., 548, citing Bishop v. State, 30 Ala., 40; Lindsey v. State, 38 Ohio, 507; People v. Rathmon, 21 Wend. (N. Y.), 509; State v. Hudson, 13 Mont., 112; Foute v. State, 15 Lea (Tenn.), 712.

The rule laid down in Bishop v. State, 30 Ala., 40, is upon the following propositions: "1. So long as the forged instrument remains in the hands of an innocent agent of the forger, the crime of uttering is not perpetrated. 2. When the agent, being himself innocent, utters or publishes the forged instrument as true, the offense of uttering is complete,

and the guilty principal, though in a distant county, is regarded as the author of the crime; and the crime is regarded as committed by him, at the place where the agent uttered the forged instrument. In such case the agent is the mere instrument of his principal, and is no more guilty than any other instrumentality which a felon may employ to accomplish his ends. For all criminal purposes the agency is as unimportant as a mail carrier who bears a letter containing a forgery. 3. If the party who utters the forged instrument can be an accomplice, the rule of principal and accessory before the fact in the crime of uttering determines the guilt of the respective parties."

Jessup sent the alleged forged draft by mail to the Citizens Bank at Prescott, Ark., thus making the carrier of the mail, and perhaps said bank, until the paper was used, his agent, and if the alleged forged draft was in fact a forgery, then the uttering at Prescott, Ark., fixed the jurisdiction at that point.

"The defendant being sheriff and jailer of Loudon, Tenn., inclosed false and fraudulent, altered and forged accounts, sworn and certified to as required by law, in a letter to the comptroller at Nashville, and which was paid by check on the Bank of Knoxville, the money being received there by the defendant. The court held that the defendant was indictable at Nashville for passing forged paper." Foute v. State, 15 Lea (Tenn.), 712.

Jessup mailed the alleged forged draft to, and the same was received at Prescott, Ark., and same was paid by "exchange" on New York. The facts of the case at bar and the Foute case, supra, are parallel, except that in the Foute case the whole transaction was in different counties in the same State.

"The mailing of the instrument is not an act requisite to the consummation of the offense of uttering a forged instrument, there being no uttering in such case until the receipt of the letter and therefore the above rule is not changed by section 32 of the Criminal Practice act, providing that when a crime has been committed partly in one county and partly in another, or the acts or affects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either." State v. Hudson, 13 Mont., 112.

It would seem from the above authority that the Montana statute, like our own, provides that the offense of forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed, and yet in that State it was held, in the above case, that there was no uttering in a case where the alleged forged instrument was mailed, until the receipt at the point of its destination, said point being presumably in a county other than the county in which the letter was mailed. Therefore, under the authority of that case Jessup could not have been guilty of passing a forged instrument, assuming that the instrument was forged, by mailing a letter in Harris County, directed to, and destined for, and to be delivered at Prescott, in the State of Arkansas.

"If the forged instrument has been uttered and published in the State with intent to defraud, by means of an innocent agent there, it is no defense to the indictment in the proper county in such State, to show that the accused was never in the State, or that he owes allegiance to another State or government." Lindsay v. State, 38 Ohio, 507.

Further quoting from the above authority we submit the following as decisive of the case at bar:

"The crime of uttering and publishing is not complete until the paper comes to the hand of some one other than the accused, and if it be sent by mail for the purpose of being there used, the crime is not consummated until it is received by the person to whom it is to be delivered. It is a fundamental principle that a person is responsible criminally for acts committed by his procurement as well as for those done in person. The inherent power of the State to punish the uttering and publication of forged instruments within its territorial limits, without regard to the place where the forgery was committed or purpose was formed, is essential to the protection of her people."

And to the same effect is the following:

"The offense of utering and publishing a forged · instrument is not complete until the instrument comes into the hands of some persons other than the accused, and on a prosecution for this offense the place where the instrument was so uttered and published determines the jurisdiction of the court." 13 Am. and Eng. Enc. of Law, 2 ed., p. 1107.

"Courts derive their authority from the sovereign powers of the State, and are restricted in its exercise to the circumscribed limits of the State." 12 Am. and Eng. Enc. of Pl. and Prac., p. 134, sec. 3.

The above and the following principle from the same authority should also be decisive of the question of jurisdiction of the case at bar, to wit:

"Crimes and penalties are in their nature local, and jurisdiction thereof is restricted to the State within which the crime or the penalty is provided. Therefore, one State court can not punish for an offense committed in another State, nor enforce the penal laws thereof." 12 Am. and Eng. Enc. of Pl. and Prac., p. 134, subdiv. 2.

"Our Legislature may define and punish crimes committed within the State, whether by citizens or strangers, because the former are supposed to have consented to all the laws made by the Legislature, and the latter, whether their residence be temporary or permanent, do impliedly agree to yield obedience to all such laws as long as they remain in the State; but they can not define and punish crimes committed in another State, the citizens of which, while they remain there, are bound to regulate their civil conduct according to their own laws. State v. Knight, Tayl. (N. C.), 65; State v. Cutshall, 110 N. C., 538."

Our Legislature not having declared the uttering of a forged paper in a foreign State, which has first been forged in this State, to be an offense against the laws of this State, we are relegated to the general rule of law and jurisdiction to determine whether or not the mailing of the

alleged forged check in the case at bar (assuming it to have been forged) constituted a passing to J. S. Regan, "in Harris County, Texas," as is charged in the indictment, said paper being inclosed in a letter mailed and directed to and received by said J. S. Regan at Prescott, in the State of Arkansas. If these facts do not sustain the jurisdiction of the court as made by the proof, that is, if the mailing of the alleged forged draft in Harris County, to be delivered by the innocent agent, the mail carrier, to the bank at Prescott, Ark., does not constitute a passing in Harris County, then this conviction is a nullity and should be set aside, and this cause ordered to be dismissed from the docket of the court below, because the indictment containing in two counts the charge of forgery and of passing a forged instrument, and appellant having been acquitted of the forgery by the conviction for the passing, he can not now be prosecuted further upon either count, one being res adjudicata, and the court having no jurisdiction of the passing.

The above authorities, we urge, settles this contention in our favor beyond the chance of question.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—The indictment contains two counts. The first count charges forgery, and the second charges appellant with uttering and passing said forged instrument. Appellant was convicted under the second count, and given five years in the penitentiary.

Appellant assigns a number of errors, but in the view we take of the case it is only necessary to consider the assignment which raises the question of venue, and goes to the jurisdiction of the court which tried the case. This prosecution was in the Criminal District Court of Harris County, Texas. The evidence shows without controversy that the alleged forged check or draft, which is in the following form:

"$250.00.                    Houston, Tex., Jan'y 23rd, 1901.
   "At sight pay to the order of Chas. Jessup Two hundred and fifty no-100 Dollars, with exchange value received and charge same to account of
                                        "G. B. Johnson.
"To Citizens Bank, Prescott, Ark.   ·
   No.———."

was placed in the United States mail at Houston, and in a letter addressed to the Citizens Bank, at Prescott, in the State of Arkansas, which draft was indorsed on the back, "Chas. Jessup." That it and accompanying letter was received by J. S. Regan, cashier of the Citizens Bank at Prescott, Ark., and that he issued exchange, as requested in the letter, on the Chase National Bank of New York for $249.50, which was the amount of the draft, less 50 cents for exchange, and inclosed and mailed it to defendant's address at Houston, Texas. That G. B. Johnson, the

alleged signer to the draft, lived in Arkansas, and had an account with the Citizens Bank at Prescott. On this state of facts, the question thus presented is, did the District Court of Harris County have jurisdiction of the offense of uttering said instrument?

We have a statute with reference to the venue in cases of forgery, authorizing the prosecution for said offense in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed; and then follows a provision with reference to venue in the prosecution of forgeries of land titles. Art. 225, Code of Crim. Proc. Of course, this does not apply. Nor do articles 230 or 232, Code of Criminal Procedure. The first relates to an injury inflicted within the State, of which the injured person dies out of the State; and the latter article, to the venue of an offense committed on any river or stream, the boundary of the State. The venue of this offense must be governed by article 246, Code of Criminal Procedure, which provides: "In all cases, except those enumerated in the previous articles of this chapter, the proper county for the prosecution of the offense is that in which the offense was committed." The charge here of which appellant was convicted was not the forgery of the instrument; he was acquitted of that; but the jury convicted him of uttering the alleged forged instrument; that is, of passing it as true. Did he pass it in Harris County, Texas? We are not advised that this question has been before the courts of this State; but it has undergone judicial investigation in a number of other States. In a few jurisdictions the courts appear to hold that the jurisdiction is in the county in which the forged instrument was sent or mailed. United States v. Wright, 2 Cranch (C. C.), 296; United States v. Plympton, 4 Cranch, 409; United States v. Bickford, 4 Blatch., 337; Wharton, Crim. Law, sec. 711; 8 Am. and Eng. Enc. of Law, p. 522. But in the great majority of cases and by the overwhelming weight of authority, the offense of uttering is not complete until the paper is negotiated, that is, actually passed, and as long as it is in the party's hands, or in charge of his innocent agent, there is no uttering. People v. Rathburn, 21 Wend., 509; Bishop v. State, 30 Ala., 40; Lindsey v. State, 38 Ohio St., 511; Commonwealth v. Searle, 2 Binnie (Pa.), 332; Foute v. State, 15 Lea (Tenn.), 712; State v. Hudson, 13 Mont., 112. The cases of Johns v. State, 19 Ind., 421, and State v. Chapin, 17 Ark., 561, have been cited as against the general doctrine; but an examination of these cases, in our opinion, does not militate against the authorities cited supra. They were both cases in which the question of venue figured where the act was consummated through a guilty agent and the parties stood as accessories in relation to the crime. For other authorities bearing on the question, see 13 Am. and Eng. Enc. of Law, p. 1107.

We hold, in accordance with what seems to us the better reasoning, and supported by the greater weight of authority, that the draft in question was not passed or uttered, but was still in the hands of appellant, through his innocent agent, the United States mail, until it reached its destina-

tion at Prescott, in the State of Arkansas; and when it was received and negotiated (that is, paid), it was for the first time passed or uttered; and that accordingly the venue of the offense was not ·in Harris County, Texas, and the Criminal District Court of said county did not have jurisdiction thereof.

The judgment is reversed and the prosecution ordered dismissed..

*Reversed and dismissed.*

[The State's motion for rehearing was overruled without a written opinion.—Reporter.]