DAVID HOUSTON, ALIAS FRANK SMITH, v. THE STATE.

No. 574.   Decided May 11, 1910.

Rehearing denied June 1, 1910.

**Forgery—Attempting to Pass Forged Instrument—Alleged Injured Party—Variance.**

Where, upon trial for attempting to pass a forged instrument, the indictment alleged that defendant attempted to pass same on H. A. Wroe, and there was evidence supporting said allegation and that said Wroe was Vice-President of the bank, the conviction was sustained, although the evidence further showed that the defendant also presented said alleged forged instrument to Carl Widen, the cashier.

Appeal from the District Court of Travis.   Tried below before the Hon. George Calhoun.

Appeal from a conviction of attempting to pass a forged instrument; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Henry Faulk,* for appellant.—Cited Jones v. State, 55 Texas Crim. Rep., 545; Carnes v. State, 53 Texas Crim. Rep., 490; Morris v. State, 52 Texas Crim. Rep., 288.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for attempting to pass as true to one H. A. Wroe a certain alleged forged instrument.   Appellant's punishment was assessed at confinement in the penitentiary for four years.

The bill of indictment alleged that the appellant attempted to pass upon one H. A. Wroe a forged instrument.   The facts of the case show that said Wroe was Vice-President of the American National Bank of Austin, Texas; that during banking hours on the 17th day of November, 1909, the appellant approached the cashier's window of said National Bonk and presented to one Carl Widen, who at the time was acting as teller, the check in controversy.   Carl Widen took the check back to the desk of Mr. Wroe and showed it to him.   Mr. Wroe looked at the check, had the police force called up over the 'phone and requested that an officer be sent to the bank at once, and he then approached the window and engaged the defendant in conversation in order to detain him until the officer should arrive.   The check was in his hand.   Continuing this witness stated: "I walked into the cage and asked the negro, 'Is your name Frank Smith?'   He said, 'Yes.'   I said, 'Have you got anybody here to identify you?' and he said he didn't know.   I knew it was a forged check when I looked at it, and I simply wrote on a piece of paper a note to the receiving teller to call the police, and he walked out, and so I said, 'How do you want this money—do you want it in

ten dollar bills?' He said, 'Yes, sir.' My idea was to detain him, and I kept counting the money over and over. I said, 'Where do you live?' He said, 'In Bastrop County.' I said, 'Whose farm do you live on? Mr. Pope's?' He said, 'Yes, sir.' I asked, 'How much cotton did you make?' He said about eight bales. I said, 'Did Mr. Pope give you that check?' He said, 'Yes, sir.' I said, "Well, I will 'phone over and see if he is in his office.' I talked to him probably ten or fifteen minutes. Finally I took $100 and walked back into my office and he walked back and sat down, and I kept counting and recounting it. I said, 'I guess I will get Mr. Pope in a few minutes.' He said, 'Well, I believe I will go,' and he got up out of the chair to walk out, and I caught him by the coat and said, 'No, sit down. That is a forged check you have. Consider yourself under arrest.'" About that time the police appeared and arrested the defendant. The witness further stated: "I never did pay the defendant the hundred dollars, but he was ready to receive it. He was there for that purpose. He attempted to pass it on me. I said, 'Well, now, won't you leave some of this money here on deposit?' He said, 'No; I owe Dr. Maxwell a doctor's bill.' I said, 'Where does he live?' He said, 'I think he lives down the river.' That is about all that occurred."

On the trial of the case the court charged the jury as follows: "The jury are further charged that the defendant, having been charged in the second count in the indictment in this case with having attempted to pass as true to one H. A. Wroe the alleged instrument in writing set out in the second count in the indictment in this case, it is necessary for the State to prove said fact as alleged, beyond a reasonable doubt; and if the jury believe from the evidence in this case that the defendant did not attempt to pass as true the instrument set out in the second count in the indictment in this case to the said H. A. Wroe, or if the jury have a reasonable doubt as to said fact, then the jury will acquit the defendant and so say by their verdict, notwithstanding they may also believe from the evidence in this case beyond a reasonable doubt that said instrument set out in the second count in the indictment in this case is a forged instrument, as herein defined, and that the defendant knowingly attempted to pass as true the said instrument to some other person than the said witness, H. A. Wroe." Appellant in his motion for new trial complains that the evidence did not support the allegation in the indictment in that the appellant did not attempt to pass the instrument upon Wroe, but attempted to pass it upon the witness Carl Widen. We do not agree to this contention. While it is true that the check was presented to Widen, appellant remained at the window and when Vice-President Wroe came and engaged him in a conversation he attempted by his conversation to induce the said Wroe to believe not only that the check was genuine, but that it had been given by Mr. Pope. He also stated

that he wanted the money and did not wish to leave any of it on deposit at the bank. The circumstances and the conduct of the defendant at the time was an effort to induce said Wroe to cash said check. This would be an attempt to pass upon the said Wroe the said check. The fact that he had delivered the check to the teller and that the teller had delivered the check to Mr. Wroe would not exclude the idea that the defendant attempted to pass it upon Wroe. His conduct was an effort to induce the said Wroe to cash the check. We are therefore of opinion that the evidence supports the allegation in the bill of indictment, and in view of the fact that the charge of the court directed the jury that they must find beyond a reasonable doubt that there was an attempt to pass said check upon said Wroe, or they would acquit the defendant, presented the issue squarely to the jury and they having found on this issue adversely to the defendant's contention, we would not feel authorized in disturbing the verdict.

Finding no error in the judgment of the court below the same is affirmed.

*Affirmed.*

[Rehearing denied June 1, 1910.—Reporter.]