### COLUMBUS SMILEY v. THE STATE.

#### No. 4268. Decided November 1, 1916.

**1.—Attempting to Pass Forged Instrument—Competency of Witness.**

Where, upon trial of attempting to pass a forged instrument, the defendant showed, on cross-examination, that the principal State's witness had been theretofore convicted of a felony, without introducing the sentence, or asking a postponement to procure the same, such oral testimony would not render the witness incompetent to testify. Following Bratton v. State, 34 Texas Crim. Rep., 477, and other cases.

**2.—Same—Sufficiency of the Evidence—Indorsee.**

Where, upon trial of attempting to pass a forged instrument, the evidence showed that the defendant bargained for a watch and tendered in payment the alleged check, it was not necessary to show an assignment of the check by the indorsee.

Appeal from the District Court of Tarrant. Tried below before the Hon. Ben M. Terrell.

Appeal from a conviction of attempting to pass a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Web Maddox* and *Mercer, Wall & Rouer,* for appellant.—On question of incompetency of witness: White v. State, 33 Texas Crim. Rep., 177, 26 S. W. Rep., 72.

On question of indorsement of check: Green v. State, 63 Texas Crim. Rep., 510, 140 S. W. Rep., 444; Carder v. State, 35 Texas Crim. Rep., 105, 31 S. W. Rep., 678.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of attempting to pass a forged instrument, and his punishment assessed at two years confinement in the State penitentiary.

There are but three bills of exception in the record—two of them relating to the witness Arthur Burks, who testified he forged the check; that appellant saw him do so and agreed to get it cashed, when they would divide the proceeds.

Joe Brodkey testified appellant came to his store and attempted to pass the check on him.

On cross-examination of Arthur Burks appellant asked him if he had ever been to the penitentiary, and the witness answered that he

had, and was sentenced in McLennan County. Appellant then moved to exclude the testimony of Burks, on the ground that he was an incompetent witness. All the proof offered was the statement of Burks on cross-examination. This testimony was admissible to affect his credit as a witness, but such oral testimony would not render him incompetent as a witness. This question has been so thoroughly discussed by this court in Bratton v. State, 34 Texas Crim. Rep., 477; White v. State, 33 Texas Crim. Rep., 177, and Moore v. State, 34 Texas Crim. Rep., 266, we deem it unnecessary to do so again. If this was the first intimation that appellant received that Burks had served a term in the penitentiary, he should then have asked a postponement of the case until he could send to Waco and get a copy of the sentence, if he desired to do so, setting up the fact that he had not prior to this time been aware of such fact. As he did not then do so, it presents no ground for a new trial, when even at that late day he had not secured a copy of the sentence.

The only other question presented is that as the check appellant sought to pass on Joe Brodkey was payable to "Tom Brown or order," it ought to have been alleged that the check had been endorsed by Tom Brown, or that appellant represented himself to be named Tom Brown. As appellant bargained for a watch and tendered the check in payment, and only left when Brodkey took the check and went to the telephone to ask the alleged maker of the check if it was genuine, taking with him the watch he had been bargaining for, it was an "attempt to pass" the check, and this was the offense with which he was charged.

The judgment is affirmed.

*Affirmed.*