NELLIE HARVEY (ALIAS MRS. THOMAS MCNEAL) V. THE STATE.

No. 18983.   Delivered April 7, 1937.

The opinion states the case.

*C. C. McDonald* and *J. Earle Kuntz,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction was for passing a forged instrument, punishment assessed being two years in the penitentiary.

There was only one count in the indictment.   It charged that appellant knowingly *passed* as true to Quincy Wilson a check dated June 25, 1936, drawn on the First National Bank & Trust Company of Tulsa, Oklahoma, in favor of Thomas McNeal, for $36.50, purporting to have been executed by the Marathon Oil Company, by Ralph P. Hyatt, it being stated in the body of the check that it was for services rendered by McNeal to the company in question.

Wilson testified that appellant came into his place of business about June 29th, 1936, and purchased a watch, in payment for which she tendered the check in question.   Wilson made

some inquiry about what bank the company did business with in Vernon and upon being told that it was the Herring National Bank he turned to telephone the bank, when appellant left the store. Wilson had not delivered the watch to appellant and had not accepted the check in payment therefor. He says: "I did not give her any money and did not give her any watch; she turned around and walked out while I was phoning."

The uncontradicted evidence shows that if appellant was guilty of anything she was guilty of the offense of *attempting* to pass the instrument in question to Wilson, but was not guilty of passing the same. See Smiley v. State, 80 Texas Crim. Rep., 280, 189 S. W., 482; McConnell v. State, 85 Texas Crim. Rep., 409, 212 S. W., 498; Houston v. State, 59 Texas Crim. Rep., 505, 128 S. W., 618.

In view of the uncontradicted evidence we are at some loss to understand why this case should ever have reached this court. It should have been disposed of by a peremptory instruction to acquit appellant upon the charge of passing a forged instrument.

Appellant excepted to the charge of the court for a failure to instruct the jury upon the law of circumstantial evidence. We quote from Mixon v. State, 90 S. W. (2d) 832, as follows:

"The authorities hold that direct proof of passing a forged instrument will not relieve the trial court from the duty of charging on circumstantial evidence where the case is one for passing a forged instrument, and the fact that the document in question was a forgery, as well as the further fact that accused knew the same to be a forgery, depends on circumstantial evidence."

Many authorities are cited supporting the opinion in the Mixon case. If the evidence was sufficient to show that the document in the present case was a forgery, there is no evidence that appellant knew it was a forgery save the circumstance that she walked out of the store while Wilson was telephoning to the bank. The court should have responded to the exception and given a charge on circumstantial evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*