ADELL BRIGHT v. THE STATE.

No. 19819.   Delivered June 15, 1938.

The opinion states the case.

*Merritt H. Gibson*, of Longview, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is passing a forged instrument; the punishment, confinement in the penitentiary for two years.

The alleged forged instrument which it is charged appellant passed to Obie Childs is set out in the indictment, as follows:

"THE FIRST NATIONAL BANK
                        "Jacksonville, Texas, 3/12/ 1936
"On Demand Pay to the order of J. C. Harris $32.00
Thirty Two———No/100 Dollars
"Value received and charge to account of
                        "F. W. Collins
                        Admx Estate J. H. Hughes
          "To   First National Bank
          Longview, Texas"

Obie Childs testified that he cashed the alleged forged check for appellant on the 14th of March, 1936. He said: "After the check was given to me by defendant I deposited it in the First

National Bank—the Texas State Bank of Jacksonville, I mean, and it was returned to me unpaid in something like seven or eight days. That check has never been paid."

Festus Crissup, who was a notary public, testified that appellant came to his office on the 14th of March, 1936, with the check in question. He said: "When that check was brought to me it was filled out on the front; that is the way it was filled out before it was brought to me. There was not any name signed on the front part of that check by that person at all in my presence." He testified that the following typewritten matter was on the back of the check when appellant presented it: "This voucher accepted payment full to date board and room James Hughes, heir estate J. H. Hughes, deceased." He testified further that appellant indorsed the name "J. C. Harris" on the back of the check in his presence. Again, he testified: "Then I signed it myself and put my seal on it and handed it to him and he walked out of the office." After the check had been indorsed and signed by the notary the written matter on the back thereof appeared as follows:

"Signed before me this the 14th day March, 1936.
"Festus Crissup,
"Notary Public, Cherokee County, Tex.
"This voucher accepted payment full to date Board and Room James Hughes, Heir Estate J. H. Hughes, Deceased.
"J. C. Harris."

The county judge of Gregg County testified that he had been unable to find any record of any probate proceedings relative to the estate of J. H. Hughes. Further, he testified that he did not know of any man in the county by the name of J. C. Harris. He said, however, that he thought the population of Gregg County was about 45,000. Again, he testified that he knew no man in the county by the name of F. W. Collins. Asked by counsel for appellant whether he knew James Hughes, he replied: "I will state that I know J. W. C. Hughes and Red Hughes. I am not undertaking to say that I know all the Hughes in Gregg County nor all of the Collinses in Gregg County. I know several. I do not know all of them."

. The cashier of the First National Bank of Longview testified there was no record in his bank of an account carried by F. W. Collins in March, 1936. Again, he testified there was no record of any account under the title of "Estate of J. H. Hughes." In short, it was his version that he had been unable to find that there had ever been such an account carried in his bank. We

quote further from the testimony of the witness as follows: "Nor was there ever an account carried in the name of F. W. Collins, Administrator of the Estate of J. H. Hughes. I do not know anyone by the name of F. W. Collins, nor anyone by the name of J. C. Harris. There are several Harrises there. I think I know an old man J. C. Harris. He is not there now and was gone in 1936. I know Odell Bright, the defendant in this case, when I see him."

Appellant's testimony constituted a denial that he had passed the check in question to Obie Childs. Further, he denied that he had carried the check to the office of the notary public and there indorsed it in his presence.

It is observed that it was not the theory of the State that the forgery consisted in the indorsement of appellant's name on the back of the check. We say this in view of the fact that the indictment, in setting forth the alleged forged instrument, fails to embrace the indorsement. In short, it was the State's theory that the check had been forged prior to the time appellant carried it to the office of the notary and indorsed the name "J. C. Harris" on said check.

Appellant timely and properly excepted to the charge of the court for its failure to embrace an instruction upon the law of circumstantial evidence. The exception was well taken. We quote from Mixon v. State, 90 S. W. (2d) 832, as follows:

"The authorities hold that direct proof of passing a forged instrument will not relieve the trial court from the duty of charging on circumstantial evidence when the case is one for passing a forged instrument, and the fact that the document in question was a forgery, as well as the further fact that the accused knew same to be a forgery, depends on circumstantial evidence."

See, also, Harvey v. State, 104 S. W. (2d) 51.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.