## ELVIN WILSON V. STATE.

No. 24417. June 15, 1949.
Motion for Rehearing Denied (Without Written Opinion)
October 19, 1949.

W. J. Baldwin, Beaumont, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with attempting to pass as true a forged check in writing purporting to be the act of another, and upon conviction, he was given a sentence of two years in the penitentiary.

The testimony is clear that appellant and another endeavored to pass as true a check on the American National Bank of Beaumont, Texas, payable to Amore Goodman, Jr., for the sum of $82.00, and signed by the printed name of "Douglas Hospital Clinic By (in handwriting) Jake Douglas."

This check was offered in payment of certain groceries purchased from a store in Beaumont, to Miss Perello, a checker therein. Upon being handed the check, she communicated with the assistant manager of such store, who took the check in order to make some investigation thereof. Appellant claimed to be the payee therein, and exhibited a social security card of Amore Goodman, Jr. The manager left the two men at the checker table and went back to the rear of the store, whereupon appellant and his companion left the store without obtaining anything. They got into a waiting car, evidently somewhat disturbed, and drove away. Appellant was identified as the man whom the assistant manager talked to and who claimed to be the payee therein.

Appellant made a confession and admitted that while painting at this hospital, he had stolen three blank checks, one of which was the check in question; that his friend, Milton Ratcliff, desiring to obtain some money, took one of these stolen checks and filled same out, payable to Amore Goodman, Jr.; that they then got a friend, L. T. Sherman, to take them to such store in his car on the day of the occurrence complained of herein; that they went into this grocery store to get some groceries. They soon came back out of the store without any groceries and said they were ready to go, both looking back but saying nothing. Appellant's confession shows that he gave one of these stolen checks to Ratcliff and that Ratcliff filled out the check introduced in evidence; that he and Ratcliff went into this store and appellant presented the check to the young lady checker; that he and his companion left when the manager took the check away to have the same investigated; and appellant then destroyed the other two stolen checks.

We think the testimony sufficient to show an attempt to pass as true a forged instrument.

574

Bill of Exceptions No. 1 seems to be based upon the proposition that there was an endorsement on the back of such check in the words: "Amore Goodman, Jr."; and although such endorsement was not pleaded in the indictment, appellant evidently urges that the allegation and the proof do not correspond. Where the endorsement of a check is not charged as a forgery and is not a portion of the declared upon forged instrument, it is not necessary to allege such endorsement nor to prove the same. See Cox v. State, 92 Tex. Cr. R. 497, 244 S. W. 605; Cofer v. State, 107 Tex. Cr. R. 125, 295 S. W. 189; Beer v. State, 42 Tex. Cr. R. 505, 60 S. W. 962; Labbaite v. State, 6 Tex. App. 257.

Bill No. 2 is to practically the same effect as Bill No. 1 with the additional objection that the state failed to prove that Amore Goodman, Jr., was a fictitious person. We do find some testimony relative to the fact that some officer made inquiry relative to such person and failed to find such person or hear of him. We do not see any reason for such a search, however, because it is shown by appellant's own testimony that Milton Ratcliff wrote not only the check but the endorsement thereon of the name of Amore Goodman, Jr. It is further shown that appellant told the store manager that his name was Amore Goodman, Jr., and showed him a social security card with such name; and it is further shown that appellant's true name was Elvin Wilson. We think this testimony removed any doubt as to whether the Amore Goodman, Jr., payee in the check and endorser thereof, was either one of these two men attempting to pass as true an instrument in writing, having the name of Jake Douglas signed thereto and which they knew to be forged and which they had forged.

The judgment will be affirmed.