## L. P. MONTGOMERY V. STATE.

No. 25681. February 20, 1952.

Hon. Owen Thomas, Judge Presiding.

*Guilford L. Jones,* and *Thomas & Thomas,* Big Spring, for appellant.

*John A. Willoughby,* District Attorney, Abilene, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, two years.

The injured party, who was the manager of a livestock commission company, testified that he had a working arrangement with appellant, who was a cattle trader, to finance him in the purchase of cattle to be sold through his livestock ring. He stated that, pursuant to this arrangement, appellant called and got permission to draw on his company in the sum of $2885 for the purpose of purchasing certain cattle and that said cattle were never brought to his commission house for sale. One check in the sum of $1740, signed "W. H. Cook" payable to the injured party's commission company and drawn on the First State Bank of Loraine, Texas, was the basis for this prosecution. It was delivered by appellant to the commission company in part payment of the money advanced.

The officials of the above bank testified that they did not have an account under the name of "W. H. Cook". The state called as a witness one W. H. Cook who lived near Merkel, and he testified that he had not signed the check nor authorized anyone to sign his name thereto.

It was the state's contention that no cattle had been bought with the $2885 and that the $1740 check above described was forged by appellant, who used the fictitious name of "Cook". There was some evidence as to the similarity between appellant's handwriting and the signature appearing on the Cook check.

Appellant, testifying in his own behalf, told of drawing the $2885 draft and of using the proceeds thereof to purchase 26 head of cattle. He stated that he sold these cattle in two groups and forwarded the checks received in payment therefor to the injured party. He was unable to produce as witnesses either the person from whom he had purchased the cattle or those to whom he claimed to have sold them, which included W. H. Cook, but described Cook and told the details of the sale of 15 head of the cattle to him.

It is clear from the above statement of the case that three essential elements of the offense of passing as true a forged instrument were required to be proven by the state, to-wit:

1. That the appellant passed the instrument. This was established by direct evidence.

2. That such instrument was forged. This was established by circumstantial evidence.

3. That appellant knew the same to have been forged at the time he passed it. This, likewise, was established by circumstantial evidence.

It will be noted that the court's charge required a finding by the jury that "W. H. Cook" was a fictitious person in order to convict. Proof of this fact, of necessity, rested on circumstantial evidence.

In spite of this and in the face of a proper objection to the charge and a proper request for a special charge, the trial court prefaced his instruction to the jury on the law of circumstantial evidence as follows:

"In this case, the State relies upon circumstantial evidence to prove that the check in question was a forged check * * *."

Appellant requested that the long-approved form of preface: "In this case, the state relies upon circumstantial evidence for a conviction," be substituted.

The effect of the preface to the court's charge was to tell the jury that proof of only one of the essential elements of the offense rested upon circumstantial evidence.

It has long been the rule of law in this court that the trial judge should not isolate essential elements and tell the jury the type of evidence which supports the same. As illustrative of these decisions, we cite Beard v. State, 57 Tex. Cr. R. 323, 123 S. W. 147, wherein we said:

"This is clearly on the weight of evidence. It singles out one fact in the case and instructs the jury with reference to circumstantial evidence as to that fact alone. The rule of circumstantial evidence covers all the facts in a case and not one particular fact * * * the court is not permitted to single out one fact and charge upon it in cases of circumstantial evidence * * *."

Because of the error noted, the judgment is reversed and the cause remanded.