Chester Roland RICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44954.

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 28, 1972.

**590**

Jack Miles, Darryl G. Campbell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Sam Robertson, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for passing a forged instrument. After appellant was found guilty by a jury, punishment was assessed by the court at four years.

Appellant contends that the court erred in refusing to grant an instructed verdict in that the evidence was insufficient to sustain the conviction.

The instrument alleged to have been passed by appellant reads as follows:

```
SEABACK–RICE CO.              SMB   South Main Bank      Number
1415 Fannin–ROOM 303                3001 Main Street       349
CA8–0226                            Houston, Texas
Houston, Texas 77002                          October 18, 19 68

                              PAY TO THE
                              ORDER OF   Gary Bolinger   $ 140.00
                                         INSURED
                              7F13712  140 DOLS 00 CTS DOLLARS

                                           SEABACK–RICE CO.
                                           C. R. Rice
                              ':1130—0089':  00—5091—1
```

A check of this tenor was introduced into evidence bearing the endorsements

"Gary Bolinger" and "C. R. Rice." Mrs. Jean Gianopulos, an employee of the South Main Bank, Houston, identified the check as having been presented to her for payment by appellant and as having been endorsed by appellant in her presence. Mrs. Gianopulos further identified State's Exhibit 2, a check of the same tenor as the one upon which the indictment is based, except that it bears the date of October 11, 1968, and is in the amount of $205.00. It too was presented to her for payment by appellant and was endorsed by appellant in her presence. Other employees of the South Main Bank identified State's Exhibits 3 (a check for $405.00, dated Nov. 1968), 4 (a check for $525.00, dated Oct. 26, 1968), and 5 (a check for $205.00, dated Oct. 8, 19___) as checks drawn on Seaback-Rice Co., made payable to Gary Bolinger and presented at the South Main Bank for payment by the appellant. In State's Exhibits 3 and 5, Mrs. Harry Seaback signed for the maker, Seaback-Rice Co. Exhibit 4 is signed by appellant for Seaback-Rice Co.

In each instance, appellant endorsed the check, after appearing at the bank, below the endorsement of the payee, Gary Bolinger.

Witness Seaback testified that he and appellant were in business together, each owning fifty per cent of the company,[1] and that appellant had authority to sign checks on the company account. He further testified that the signatures "Mrs. Harry Seaback" on State's Exhibits 3 and 5 were the signatures of his wife; that his wife had helped the bookkeeper and that appellant would turn in the payroll and would instruct Mrs. Seaback whom to write the checks to.

Garry Bollinger testified he knew appellant, having worked for appellant seven or eight months when he was building town

---

[1.] There is no evidence as to whether Seaback-Rice Co. is a corporation or partnership until the punishment hearing when Seaback testified that appellant was supposed to sign over 50% of the Seaback-Rice stock. There is also reference at the punishment hearing by Seaback as to what "this corporation" owed him.

houses for Norman Enterprises in Houston. Witness Bollinger further testified that he moved back to Missouri in June or July of 1968, and that he never worked for Seaback-Rice Company. Bollinger denied having ever seen any of the checks in question until they were shown to him by an investigator and stated that he did not authorize anyone to endorse the name Gary Bolinger on the checks. The witness testified that he spelled his name Bollinger and not Bolinger as appears on the checks.

There is no dispute concerning appellant's signing the check in question as the maker. Further, it is undisputed that he had authority to sign checks on the company account.

There is no conflict in the testimony regarding appellant endorsing the check, when it was presented for payment at the bank.

This Court has required exact correspondence between the names of the parties as contained in the indictment for forgery and the names as contained in the instrument on which proof of the indictment is predicated. See generally 25 Tex.Jur.2d Forgery, Section 65, p. 585. In Payne v. State, Tex.Cr.App., 391 S.W.2d 53, where the indictment alleged an endorsement by Howard E. Kind*ed* and the evidence showed an endorsement by Howard E. Kind*red*, we noted this to be a fatal variance. In the present case, however, the name in the indictment and in the proof (the endorsement on the instrument) exactly corresponded: Gary Bolinger.

The question we must determine is whether Gary Bolinger (with only one "l" in the last name) appearing in both the indictment and the proof is the same person as the Gary Bollinger (with two "l's" in the last name) who testified that he worked for the appellant some seven or eight months, that he had never seen the checks until shown to him by the investigator, and that he did not authorize the signature of Gary Bolinger on the check.

On direct examination, Bollinger was shown a check with the name Gary Bolinger on it and asked if he saw his name on the check. He answered: "Yes, sir." Later he stated that "the name is spelled wrong." On cross-examination, when asked if the name on the check was his, he answered: "That is the way some people spell my name, that is not the correct spelling of it, no." He further testified on cross-examination that it was possible that there could be another Mr. Bolinger but that he knew of no one with that name working with the appellant. He stated that he did not know all the employees but did know the "biggest part of them."

■ Forgery may be committed though the names are not identical but merely idem sonans. 25 Tex.Jur.2d Forgery, Section 13, pp. 534–535. While no Texas cases appear to be directly in point, we are persuaded that the reasoning of State v. Barnhart, 127 W.Va. 545, 33 S.E.2d 857 (1945) is correct:

"If a name actually signed is idem sonans with the true name, or so resembles it that it is calculated to deceive, or if the instrument is used to defraud or impose upon another, its utterance constitutes an offense, although the name is misspelled or is not the full name intended to be imitated." Id., at 859. See generally 36 Am.Jur.2d Forgery, Section 23, p. 693 (1968).

■ Three elements to be proved by the State in prosecution for passing as true a forged instrument are that accused passed or attempted to pass the instrument as true; that the instrument was a forgery and that the accused knew that such instrument had been forged at the time he passed it. Haney v. State, Tex.Cr.App., 438 S.W.2d 580; Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694. Under the facts and circumstances of this case, there was sufficient evidence from which the jury could have concluded that the name Gary Bolinger appearing in the indictment and the instrument introduced into evidence was one and the same person as Gary Bollinger; that the endorsement on the instrument passed by appellant was a forgery and that

appellant knew that such endorsement had been forged at the time he passed it.

We find that the evidence is sufficient to support the conviction.

Appellant contends that the court erred in refusing to grant an instructed verdict in that the proof offered failed to prove a forgery. Appellant argues that having authority to write checks on an account of which he is part owner that he could have written a check payable to cash and it would not have been a forgery, and since the check in question was payable to a "Gary Bolinger" and the "Gary Bollinger" who testified suffered no pecuniary loss as a result of said transaction, there could be no forgery.

In Hagler v. State, 161 Tex.Cr.R. 223, 276 S.W.2d 269, defendant was convicted of passing a forged instrument and complained on appeal that the indictment was insufficient in that it did not state whom the appellant intended to defraud. The contention was rejected by this Court holding that it is not necessary to allege whom defendant intended to defraud and that it is sufficient to allege, in the language of the statute, that the false instrument in writing was made without lawful authority and with intent to defraud. See 25 Tex. Jur.2d, Sec. 42. The indictment in the instant case did not state whom the appellant intended to defraud, but generally alleged that the instrument was passed as true "with the intent to injure and defraud." See Willson, Texas Criminal Forms, Sec. 1256. Thus, it was not necessary for the State to prove that the forged instrument was passed with intent to defraud Gary Bollinger or any other specific individual. We find that the State discharged its burden of proving that the instrument was passed with the intent to injure and defraud.

Appellant's complaint that there is a fatal variance in the indictment between purport and tenor clause of the indictment and the proof offered has been heretofore discussed under appellant's first contention and decided adversely to appellant.

The judgment is affirmed.

Opinion approved by the Court.