**William Frank BATTISTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45759.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen McAhan, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault wherein the punishment was assessed at 7 years.

On January 22, 1971,[1] appellant's counsel, during a trial before a jury on a plea of not guilty, informed the court that the ap-

---

1. The sentence was pronounced on January 25, 1971, and notice of appeal was given. The record did not reach this court until May 31, 1972.

pellant desired to change his plea. Thereafter, a jury waiver was executed and the appellant entered a plea of guilty before the court whereupon he was duly admonished of the consequences of his plea. The State then re-offered all of the evidence previously offered before the jury, and introduced a sworn written "judicial confession." The appellant then took the witness stand and made a judicial confession. The court found the appellant guilty and assessed punishment.

It does not appear that either of appellant's briefs was filed in accordance with the time limitations set forth in Article 40.09 § 9, Vernon's Ann.C.C.P., leaving only unassigned error, if any, that may be considered in the interest of justice. Article 40.09 § 13, Vernon's Ann.C.C.P.

If it can be argued that the briefs were timely filed, it is observed that appellant complains in one ground of error that his guilty plea was involuntary, did not constitute a valid plea, and the evidence offered is insufficient to support the judgment. It is clear that this is a multifarious assignment and does not comply with the requirements of Article 40.09 § 9, supra. See Burton v. State, 471 S.W.2d 817 (Tex. Cr.App.1971).

■ Nevertheless we shall consider the same. Appellant cites no authority nor calls our attention to anything in the record to support his claim that his plea was involuntary. Appellant was represented by two retained counsel and he clearly indicated he desired to plead guilty. He was duly admonished by the court and thereafter made a judicial confession during the trial before the court.

Appellant does call our attention to the fact that one of his retained counsel arrived after his jury trial had consumed approximately a day and a half. The court refused to postpone the trial because of the belated arrival but permitted such counsel to assist appellant's other retained counsel who had announced "ready." We find nothing improper in the court's action and nothing to reflect how such action resulted in rendering his guilty plea involuntary.

■ The only evidence offered before the jury was from State's witnesses. Such evidence was re-offered before the court along with a written "judicial confession" and another made from the witness stand. It is clear that a judicial confession, standing alone, would be sufficient to support a guilty plea. Alvarez v. State, 374 S.W. 2d 890 (Tex.Cr.App.1964); 2 McCormick & Ray, Texas Law of Evidence § 1223. See also Bell v. State, 455 S.W.2d 230 (Tex.Cr.App.1970); Drain v. State, 465 S. W.2d 939 (Tex.Cr.App.1971).

The judgment is affirmed.