**Clede E. ALDRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46713.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Charles W. Darter, Wellington, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of passing a forged instrument. The punishment was assessed by the court at two years.

Appellant waived his right to a jury trial, waived the formal presentation of the indictment, agreed to a stipulation of the testimony and entered a plea of guilty to the second count of the indictment which charged him with passing the check in question to Nadine Birchfield at the Wellington State Bank "with intent to injure and defraud the Wellington State Bank."

Initially, appellant attacks the sufficiency of the evidence on the ground that no proof was made of a "pecuniary injury or loss."

Article 996, Vernon's Ann.P.C., reads as follows:

"If any person knowingly pass as true, or attempt to pass as true, any such forged instrument in writing as is mentioned and defined in the preceding articles of this chapter, he shall be confined in the penitentiary not less than two nor more than five years."

Jack Neely of the Wellington State Bank testified that appellant "cashed the check" at the bank's window No. 3. A written stipulation of the testimony of Mrs. Nadine Birchfield was admitted in evidence stating that she "cashed it and gave the money to Mr. Aldridge, who I recognize and identify." The record reflects the following testimony by the appellant:

"Q. (By the prosecutor) Now, the second count of this indictment charges you with passing a forged instrument. The check is now in evidence. Is that portion of the indictment true?

A. Yes, sir.

Q. And are you telling the judge you did pass this check as alleged in the indictment?

A. I did.

Q. And you knew that was not Mr. Turner's signature?

A. I do."

 To support a conviction for the offense of passing a forged instrument the evidence must show (1) that there was a passing or an attempt to pass the instrument as true, (2) that the instrument was a forgery, and (3) that the accused had knowledge that the instrument was forged or that it constituted a forgery when he passed it. E. g., Haney v. State, Tex.Cr. App., 438 S.W.2d 580; Montgomery v. State, 157 Tex.Cr.R. 44, 246 S.W.2d 209; Tarwater v. State, 160 Tex.Cr.R. 59, 267 S.W.2d 410. There is no requirement that a pecuniary loss or injury be shown.

Even if proof of pecuniary injury or loss were required, the stipulated testimony of Nadine Birchfield, that she cashed the check and gave the money to appellant, would satisfy the requirement. The evidence is sufficient.

Finally, appellant contends that the trial court abused its discretion in failing to grant probation.

The right of probation, where the court assesses punishment, rests absolutely with the trial court's discretion. See, e. g., Quiroga v. State, Tex.Cr.App., 478 S.W.2d 466 (1972).

The judgment is affirmed.