Carl L. BYROM, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50689–50691.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Rehearing Denied Oct. 29, 1975.

Raymond E. Taylor, Court-appointed, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Hrncir and Douglas C. Young, Asst. Dist. Atty., Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These appeals are taken from convictions for attempted murder (Cause No. 50,691), committed after January 1, 1974, and passing as true forged instruments (Causes Nos. 50,689 and 50,690), committed before January 1, 1974. A jury was waived and a motion for probation was denied in all three cases. In Cause No. 50,691, appellant entered a plea of guilty and punishment was assessed at imprisonment for 10 years. Appellant pleaded guilty in Cause No. 50,689 and not guilty in Cause No. 50,690; after

election was made to be punished under the new Penal Code, punishment was assessed at imprisonment for 5 years in each case.

■ One ground of error is common to all three appeals. We shall consider it first: "These proceedings, according to page 2 of the transcript, took place in a probate court, which was and is without jurisdiction in a felony prosecution."

Reference here is made to the fact that the bailiff opened the proceedings by declaring the court to be a Probate Court. However, the judgment and sentence in each case indicate that the proceedings took place in the 187th Judicial District Court in Bexar County. These documents are controlling. The grounds are overruled.

## ATTEMPTED MURDER—CAUSE NO. 50,691

■■ The appellant contends that "the record and evidence viewed as a whole fails to show malice; a necessary element of the offense of attempted murder." No authorities are cited and no argument is made under this ground of error. Nothing is presented for review. Article 40.09, Sec. 9, V.A.C.C.P.; *Henriksen v. State*, 500 S.W.2d 491 (Tex.Cr.App.1973). The record reflects that the offense was committed July 20, 1974, subsequent to the effective date of the new Penal Code. The state correctly points out that malice is not one of the elements of murder under Section 19.02 of the new Penal Code. This ground of error is overruled.

■ The appellant challenges the sufficiency of the evidence. Appellant entered a plea of guilty and executed under oath a written waiver and consent to stipulations. Further, he made a judicial confession, admitting the truth of the allegations in the indictment. The judicial confession, standing alone, is sufficient to support the plea of guilty. *Henderson v. State*, 519 S.W.2d 654 (Tex.Cr.App.1975); *Cevalles v. State*, 513 S.W.2d 865 (Tex.Cr.App.1974); *Battiste v. State*, 485 S.W.2d 781 (Tex.Cr.App.1972). This ground of error is overruled.

Still another complaint is made that the indictment fails to state that the offense was committed in Bexar County, Texas. The indictment quite clearly states that the offense was committed in Bexar County, Texas. This ground of error is overruled.

The judgment in Cause No. 50,691 is affirmed.

## PASSING AS TRUE A FORGED INSTRUMENT—CAUSE NO. 50,689

■ The appellant attacks the sufficiency of the indictment. The necessary elements of passing as true a forged instrument are:

(1) A person must pass as true

(2) a forged instrument in writing

(3) knowing that it was forged at the time of the passing.

Articles 996, 979, V.A.P.C.; *Montgomery v. State*, 157 Tex.Cr.R. 44, 246 S.W.2d 209 (1952).

Appellant contends that the state did not allege a "passing" by virtue of its failure to include in the indictment a copy of the reverse side of the check where the appellant endorsed his name.

■ The indictment does not fail to allege a passing due to the failure to include in the indictment a copy of the endorsed back of the check. The check was complete without the endorsement. *Gumpert v. State*, 88 Tex.Cr.R. 492, 228 S.W. 237 (1921); *Updack v. State*, 131 Tex.Cr.R. 134, 96 S.W.2d 979 (1936); cf. *Smiley v. State*, 80 Tex.Cr.R. 280, 189 S.W. 482 (1916). The indictment alleged that the appellant, knowing that it was forged, passed a forged instrument to a named party with the intent to injure and defraud. The ground of error is overruled.

The appellant contends that the evidence is insufficient to sustain the conviction. Appellant made a judicial confession, admitting the truth of the allegations in the indictment. That confession is sufficient to

support the plea of guilty. See the cases cited in our discussion in Cause No. 50,691, supra. These grounds of error are overruled.

The appellant contends that the check was not a negotiable instrument. He cites no authorities and makes no argument. Ground of error number eight is unintelligible. Failure to make an argument and to cite authority leaves us unable to ascertain appellant's complaint. Nothing is presented for review. Article 40.09, Sec. 9, V.A.C. C.P.; *Houston v. State,* 506 S.W.2d 907 (Tex.Cr.App.1974); *Williams v. State,* 504 S.W.2d 477 (Tex.Cr.App.1974). These grounds of error are overruled.

The judgment in Cause No. 50,689 is affirmed.

## PASSING AS TRUE A FORGED INSTRUMENT—CAUSE NO. 50,690

In this case appellant sets out seven grounds of error; however, in light of our manner of disposition we need only deal with one ground.

Appellant challenges the sufficiency of the evidence contending that the state has failed to show a "passing" of the instrument involved in that the instrument was never "accepted" and that there was no voluntary relinquishing of the "consideration."

The relevant facts are that on November 6, 1973, the appellant presented to the night manager of an H.E.B. food store a check payable to and endorsed by the appellant. The check appeared to be drawn on an account of the Santa Rosa Medical Center at the National Bank of Commerce of San Antonio. The night manager of the H.E.B. store, Thomas Rau, took the check inside the teller's cage in which he was located and counted out the appropriate amount of money. Rau testified that prior to handing the money over to the appellant he became suspicious of the check. He put the money down inside the cage where he thought it could not be reached, asked the appellant to wait, then turned to a check scanner located

beside him in order to see if the check was good. While Rau was turned away, appellant reached into the cage and "fished" out the money which had been placed on the counter inside the cage. When Rau learned from the check scanner that the check was probably no good, he turned back to so inform the appellant; however, the appellant was at that point walking rapidly out the door. Rau shouted to him to stop, but the appellant got in his car and drove away.

The indictment, in pertinent part, reads as follows:

> "CARL BYROM, in the County of Bexar and the State of Texas, on or about the 6th day of NOVEMBER, A.D., 1973, did then and there wilfully, knowingly and fraudulently pass as true to one THOMAS RAU, a false and forged instrument in writing, which had theretofore been made without lawful authority and with intent to injure and defraud . . . ."

■ Where there are several ways by which an offense may be committed set forth in the same statute, and all are contained in the definition and made punishable in the same manner, they are not distinct offenses and they may be charged in the same count. *Smith v. State,* 81 Tex. Cr.R. 534, 197 S.W. 589 (1917). Both passing and attempting to pass a forged instrument as true may be charged in the same count. *Smith v. State,* supra. The indictment before us, however, alleges only a *passing* of the false instrument.

In *Harvey v. State,* 132 Tex.Cr.R. 214, 104 S.W.2d 51 (1937), this Court reversed a conviction for passing as true a forged instrument wherein the indictment alleged only a passing of the false instrument. There, the appellant had given a forged check in exchange for a watch. The storekeeper, before handing over the watch, turned to check first with the bank. Appellant then fled without obtaining the watch or retrieving his check. The Court held:

> "The uncontradicted evidence shows that if appellant was guilty of anything

she was guilty of the offense of attempting to pass the instrument."

See also *McConnell v. State,* 85 Tex.Cr.R. 409, 212 S.W. 498 (1919); *Jessup v. State,* 44 Tex.Cr.R. 83, 68 S.W. 988 (1902); *Houston v. State,* 59 Tex.Cr.R. 505, 128 S.W. 618 (1910); *Smiley v. State,* 80 Tex.Cr.R. 280, 189 S.W. 482 (1916); [1] *Wilson v. State,* 153 Tex.Cr.R. 572, 223 S.W.2d 234 (1949); *Pate v. State,* 172 Tex.Cr.R. 612, 361 S.W.2d 875 (1962); and *Ware v. State,* 475 S.W.2d 282 (Tex.Cr.App.1972).[2]

Two recent cases contain language which would appear to lead to the conclusion that passing as true a forged instrument may be shown by a passing or an *attempt to pass* the instrument as true. *Aldridge v. State,* 492 S.W.2d 477 (Tex.Cr.App.1973); *Rice v. State,* 484 S.W.2d 589 (Tex.Cr.App.1972).

*Rice* is distinguishable in that there the indictment alleged both passing and attempting to pass the instrument. Proof of either would appear to support the conviction. The dicta in that case is not controlling here. The indictment contained in the record in *Aldridge,* on the other hand, alleged only a passing of the instrument, as does the indictment in the case at bar; however, the proof adduced at the trial distinguishes the two cases.

Aldridge "agreed to a stipulation of the testimony and entered a plea of guilty to the second count in the indictment which charged him with passing the check in question to Nadine Birchfield at the Wellington State Bank." The stipulated testimony of Nadine Birchfield, admitted in evidence, stated that she "cashed [the check] and gave the money to Mr. Aldridge, who I recognize and identify." Thus, Aldridge pleaded guilty to the completed offense of passing as true a forged instrument; he presented the check and was given money therefor. In the case before us appellant entered a plea of not guilty. The state showed that the appellant handed Rau a false instrument; however, instead of completing the transaction by handing appellant the money, Rau turned to the check scanner to ascertain the validity of the check. The appellant then reached into the cage, grabbed the money and fled. The passing was not shown to have been completed. At best what was shown was an attempt to pass the instrument or a theft.

We hold as we did in *Harvey v. State,* supra, that if the state alleges *both* a passing and an attempt to pass, proof of either will support a conviction; however, if the state *alleges only a completed passing,* it must *show a completed passing;* proof of a mere attempt will not suffice.

The judgment in this case must be reversed.

The judgments in Cause Nos. 50,689 and 50,691 are affirmed.

The judgment in Cause No. 50,690 is reversed and the cause is remanded.

Opinion approved by the Court.

---

1. Though this case involved a prosecution for attempting to pass a forged instrument, the facts are similar. The Court there said: "As appellant bargained for a watch and tendered the check in payment, and only left when Brodkey took the check and went to the telephone to ask the alleged maker of the check if it was genuine, taking with him the watch he had been bargaining for, it was an 'attempt to pass' the check, and this is the offense with which he was charged."

2. This was a prosecution for attempting to pass a forged instrument. In answer to appellant's contention that a passing had not been proved, the Court said:

"Article 996, V.A.P.C., under which appellant was prosecuted proscribes not only the passing of a forged instrument as true, but also the attempted passing of such an instrument. It is not incumbent upon the State to prove acceptance of the forged instrument."

It would appear implicit in this holding that acceptance is an element of "passing" as opposed to "attempting to pass."