STATE OF WEST VIRGINIA *v.* JOHN BARNHART

(No. 9677)

Submitted April 3, 1945. Decided April 17, 1945.

546

C. *Edward McDonough,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *R. M. Hiner,* Assistant Attorney General, for defendant in error.

Fox, Judge:

The defendant, John Barnhart, was indicted in the Circuit Court of Wood County for forging a certain check and uttering the same. The indictment contains two counts. The first charges that defendant on the 11th day of November, 1943, in the County of Wood, did "then and there unlawfully and feloniously forge a certain writing on paper, commonly called a check of the following tenor, purport and effect:", followed by setting out the check *in haec verba,* and the charge that the same was indorsed on the back thereof by "John L. Leasure", all to the prejudice of another's right, and with intent then and there unlawfully and feloniously to defraud. The second count charges that the defendant, on the 11th day of November, 1943, in the County of Wood, "then and there having in his possession a certain forged writing on paper commonly called a check, of the following tenor, purport and effect, to-wit:", followed by setting out *in haec verba* the same check as that described in the first count, "which said writing on paper, commonly called a check, was indorsed on the back thereof as follows, to-wit: 'John L. Leasure', did then and there, in the county aforesaid, on

the day and year aforesaid, the said forged writing on paper, commonly called a check, then and there unlawfully and feloniously utter and attempt to employ as true, he, the said John Barnhart, then and there well knowing the said forged writing on paper, commonly called a check, to be then and there forged, to the prejudice of another's right, and with intent then and there unlawfully and feloniously to defraud."

There was no attack on the indictment. There was a trial thereon before a jury resulting in a verdict of "guilty as charged in the within indictment." Subsequent to the verdict a showing was made that the defendant had theretofore been convicted and sentenced upon three felony charges, and the defendant admitting the same, he was sentenced to the penitentiary for the period of his natural life. A motion to set aside the verdict was made, and also in arrest of judgment, both of which were overruled, and we granted this writ of error.

In the trial of the case the State to sustain the indictment introduced the identical check copied into the indictment, except that the paper introduced on the trial had on it the name of "John Kaltenecker", the person who cashed the check for the defendant. The latter indorsement was, of course, placed thereon after the check was uttered, and constitutes no variance between the check uttered as described in the indictment and that offered as evidence on the trial. The State also offered in evidence a check of seven dollars purporting to be made by the Auto Paint Company to one Earl Starcher, and which was cashed for the defendant by Mary Ann Coram, and contains her indorsement and that of Earl Starcher, the payee on the check. This check is not dated except as to the year 1943, but the record discloses that it was uttered some time in November, 1943, about the same date when the check in the indictment was made and uttered. There was no objection to the testimony as to the Starcher check, and even if there had been, we think it is well settled that "Evidence of similar forgeries, or of the possession of forged papers about the same time, is admissible to show

a uniform course of acting from which guilty knowledge and criminal intent may be inferred." Underhill's Criminal Evidence, 4th Ed., 1289. Apparently the State proceeded on the theory that in forging and uttering the check signed by "Shilling Lumber Co.", it was the intention of the defendant to make and utter a check on a business firm or corporation in Parkersburg by the name of "The Schilling Lumber Co." Testimony of an employee of that company that it did not have an account with the bank on which the check was drawn, and that it was not its check was introduced by the State. From this circumstance defendant conceives the idea that there was a variance between the indictment and the proof. We do not think this position is tenable. There is no variance between the allegations of the indictment and the proof of the instrument alleged to be forged and uttered. They are identical. The mere fact that the State may have believed that there was an intent on the part of the defendant to prejudice the rights of "The Schilling Lumber Co.", when he made the check and signed the same "Shilling Lumber Co." does not, in our opinion, create a variance. There was further testimony in the case that when the defendant was arrested on November 23, 1943, and taken to the police station, he stated to or in the presence of two members of the police force that he had signed both checks set out in the indictment, as well as the check payable to Earl Starcher. Defendant specifically denies having made any such statement, but at one point in his testimony says that he was intoxicated at the time and may have admitted that he signed both checks. He explains the transaction as to the check set out in the indictment by saying that at the time he passed the same with John Kaltenecker, he was accompanied by a friend by the name of Morse who formerly lived in Akron, Ohio, and who was then a deserter from the Navy, and who, he says, gave him the check. He also stated that John L. Leasure, payee in the check, was at that time confined in the penitentiary of this State, all of which bears upon the good faith and intent of the defendant, because it is hardly conceivable that anything

was due Leasure for work, or that he knew anything about the check. We think the evidence amply sustains the verdict, both as to the forgery of the check and uttering the same.

There is some discussion of whether the doctrine of *idem sonans* is involved in this case. Defendant contends that that doctrine does not apply to forgeries, but the case of *State* v. *Duffield,* 49 W. Va. 274, 38 S. E. 577, seems to hold that it does apply to forgeries and that case states the doctrine in this State. The general law is stated in 23 Am. Jur. 686, to be as follows: "If a name actually signed is idem sonans with the true name, or so resembles it that it is calculated to deceive, or if the instrument is used to defraud or impose upon another, its utterance constitutes an offense, although the name is misspelled or is not the full name intended to be imitated." We do not think it necessary to decide whether "The Schilling Lumber Co." was the name of the firm or corporation intended to be used, for the reason that it is not necessary to show that it was the intent of the defendant to defraud any particular person. In Underhill's Criminal Evidence, 4th Ed. 1286, it is said: "The intent of the accused to defraud is the essence of the crime and must be proved beyond a reasonable doubt; and, if it is shown, evidence that the party whose name was forged had no legal capacity to sign is irrelevant. It is not necessary to show that it was the intention of the defendant to defraud any particular person. It is enough that a general intent to defraud is shown." In *State* v. *Austin,* 93 W. Va. 704, 117 S. E. 607, in commenting on the elements of the crime of forgery it is said: "Of these elements perhaps the most vital is the intent of the accused. It must be done with intent to defraud, and if this intent to defraud, from any cause be absent from the mind of the accused at the time of making, altering or falsifying the writing, the crime of forgery has not been committed," citing *State* v. *Poindexter,* 23 W. Va. 805. Therefore, if the intent to defraud existed, as we think the evidence clearly shows, then it was unimportant whose name was used, or whether the name

intended to be used was misspelled. "Forgery is committed when a fictitious name, or the name of a dead person, is signed to an instrument with fraudulent intent. The name signed must be that of some other person than the accused, though it may be of a man of the same name, if, by signing that name, the accused meant to defraud someone. Hence, evidence is relevant, which shows or tends to show the existence or nonexistence of the person who is supposed, or pretended to be indicated by the name; but the state need not prove beyond a reasonable doubt that there was no such person." Underhill's Criminal Evidence, 4th Ed., 1294. To the same effect is 23 Am. Jur. 681, wherein it is stated: "It is well settled that the crime of forgery may be committed by the signing of a fictitious or assumed name, provided the instrument is made with intent to defraud."

The errors assigned by the defendant are: (1) Because the verdict was contrary to the law and evidence; (2) because of the material variance between the allegations of the indictment and the proof offered in trial; (3) because the trial court erred in refusing to give and read to the jury certain proper instructions requested by the defendant, and reading to the jury certain improper instructions over the objection of the defendant; and (4) because the trial court erred in overruling the motion of the defendant to set aside the verdict and grant a new trial, and in overruling his motion in arrest of judgment. A number of objections were made to the instructions, but so far as we can see, in passing thereon, the court committed no prejudicial error, if error at all, in any of the instructions given, either on behalf of the State, or in refusing instructions offered by the defendant, and no such error is argued either in the briefs or was presented orally when the case was submitted. On the whole we are of the opinion that there was no error in the trial of the case.

The judgment of the Circuit Court of Wood County is therefore affirmed.

*Affirmed.*