**UNITED STATES of America,**
**Appellee,**

v.

**Edwin G. HAMILTON, Appellant.**

**No. 20394.**

United States Court of Appeals,
Eighth Circuit.

Feb. 9, 1971.

Henry J. Osterloh, Little Rock, Ark., for appellant.

James R. Rhodes, Asst. U. S. Atty., W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before CLARK,* Associate Justice, BRIGHT, Circuit Judge and HARPER, Senior District Judge.

PER CURIAM.

Appellant Edwin Hamilton stands convicted of forging and uttering a government check in violation of 18 United States Code § 495. Count 1 charges Appellant with forging a government check issued to Gary R. Thomas in the amount of $143.00; while the Second Count charges an uttering or publishing of the same check.

The jury found appellant guilty on both counts on proof that Gary R. Thomas did not authorize anyone to endorse any of his checks; that Appellant lived with Thomas for a period of twelve weeks and had purchased some clothes about the time that the check was taken; that a person representing himself to be Gary Thomas purchased some clothing at Cohn's Men's Store and had given the check and it was accepted in payment; that the check was sent through regular banking channels and returned; that Appellant's fingerprint was on the back of the check and that the endorsement was in handwriting identical with that of Appellant.

The defense on the First Count is that the check was endorsed Gary *L.* Thomas rather than Gary *R.* Thomas, the name in which it was issued. We believe that the endorsement without the authority of Gary R. Thomas, together with the cashing of the check with intent to defraud constituted forgery as charged. White v. Van Horn, 159 U.S. 3–18, 15 S.Ct. 1027, 40 L.Ed. 55 (1895); State v. Brown, 136 Mont. 382, 351 P.2d 219; State v. Barnhart, 127 W.Va. 545, 33 S.E.2d 857.

* United States Supreme Court, retired, sitting by designation.

As to the Second Count the proof is uncontradicted that the check was taken without authority and was carried to Cohn's Men's Store where it was accepted in payment for some clothing and was sent through regular banking channels and returned. We believe that the proof was quite sufficient to support the finding of the jury. I Wharton's Criminal Evidence, 12th Ed. 1955, 245–6, notes 5–8 and 259–60, notes 16–19. We therefore affirm the judgment.