**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Allen J. RICHISON,**
**Defendant–Appellant.**

**No. 89–10080.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 1990 *.

Decided April 20, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Deana S. Spencer, Sp. Asst. Federal Public Defender, Michael R. Levine, Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

PER CURIAM:

Richison appeals from the sentence imposed under the Sentencing Guidelines after entry of a guilty plea to one count of unarmed bank robbery. The district court adopted the offense level twenty-two set forth in the presentence report, without an adjustment for acceptance of responsibility and without objection by the defendant, and departed upward to seventy-two months from the applicable Guideline range of forty-one to fifty-one months, finding that criminal history Category I underrepresented the seriousness of the defendant's past criminal behavior, and that his use of alcohol to excess and continued cocaine abuse were aggravating factors. Richison contends that the court should have taken an independent look at whether he was entitled to a two point reduction for acceptance of responsibility, and that the departure was unlawful and unreasonable because the court relied on circumstances that the Sentencing Commission had considered.

We find no error in the district court's adopting the same offense level calculation offered in the presentence report or in departing based on convictions which were not included in the criminal history category. However, we vacate and remand to afford the district court an opportunity to explain why Category IV rather than some other category most adequately reflects the defendant's criminal history, and to state reasons why this defendant's physical condition, which ordinarily is not relevant, should be a ground for departure in this particular case.

I

■ The presentence report put defendant's offense level at twenty-two. The initial report recommended a two-point reduction for acceptance of responsibility, but the final report deleted this recommendation. Richison made no objection to the calculation and did not argue for a reduction at the time of sentencing. After noticing this appeal, defendant realized that the issue had not been addressed and moved for reconsideration. The district court denied the motion, noting that counsel had been given an opportunity to object but had not done so and that, in any event, defendant had not made a showing that he was entitled to such a reduction.

Richison claims that the district court's failure to use its "unique position" to make an independent finding as to whether he was entitled to the two-point reduction for acceptance of responsibility was an incorrect application of the Sentencing Guidelines.

United States Sentencing Commission, Guidelines Manual, § 3E1.1, comment. (n. 5) (Nov.1989), states that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and that "the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Because application of U.S.S.G. § 3E1.1 is a factual issue, we accept the district court's findings unless they are clearly erroneous. *See United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989) (per curiam); 18 U.S.C.A. § 3742(e) (West Supp.1989).

Pursuant to the Guidelines the offense level is to be reduced two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). This court has held

that the defendant should bear the burden of proof if he is attempting to lower the offense level. *United States v. Howard,* 894 F.2d 1085, 1089–90 (9th Cir.1990). Richison had an opportunity to make objections to the presentence report and to raise a challenge to its presentation of facts. Viewing the record as a whole we cannot say that the district court erred in establishing the offense level at twenty-two.

## II

The presentence report placed defendant in criminal history Category I. Richison's criminal conduct included three prior convictions, only one of which was counted in his criminal history because the others were too old[1]; thirteen arrests not resulting in conviction; four criminal cases pending at the time of the instant offense; and long-standing cocaine, alcohol, and heroin addictions.

The presentence report noted, and the district court found, that Category I did not adequately reflect the seriousness of Richison's past criminal conduct. The judge also stated that Richison's three prior convictions, and his excessive use of alcohol and continued drug abuse, were aggravating factors that warranted an upward departure.[2] At offense level twenty-two and criminal history Category I, the Guideline range would have been forty-one to fifty-one months. The court found that a Category IV, and a term of seventy-two months in the middle of that category, more adequately reflected the defendant's past criminal history.

 *United States v. Lira–Barraza,* 897 F.2d 981, 983 (9th Cir.1990), establishes a five step process for appellate review of departures from the Sentencing Guidelines:

(1) whether the district judge adequately identified the "aggravating or mitigating circumstance" . . .;

(2) whether the identified circumstance actually existed;

(3) whether the circumstance was adequately taken into consideration by the Sentencing Commission;

(4) if not, whether the circumstance should result in departure; and,

(5) whether the extent or degree of departure was unreasonable.

*Id.*

*Step One.* The district judge adequately identified the aggravating circumstances, relying specifically on Richison's three prior convictions, excessive use of alcohol, and cocaine abuse.

*Step Two.* Richison acknowledges his prior convictions, his alcohol and cocaine abuse, and the fact that he faces trial on three state of Hawaii charges. Richison also admits that his prior criminal history is directly related to his drug and alcohol dependency. Thus, there was no error in finding that these circumstances existed in this case.

 *Step Three.* Our next step is to determine whether the grounds identified by the district court as justification for departure were adequately taken into consideration by the Sentencing Commission. Questions of law, such as a trial court's construction of statutes, are reviewed de novo. *Id.* 897 F.2d at 984–85. The sentencing court's decision that a circumstance was not adequately taken into consideration by the Commission must be based on the Guidelines themselves, policy statements, or the official commentary of the Sentencing Commission. 18 U.S.C.A. § 3553(b) (West Supp.1989); *Lira–Barraza,* 897 F.2d at 984–85; *United States v. Nuno–Para,* 877 F.2d 1409, 1413 (9th Cir. 1989).

The Sentencing Guidelines recognize that prior convictions which cannot be used in computing the criminal history category,

---

**1.** The prior conviction included in Richison's criminal conduct was for using a false identification card to obtain narcotic drugs by prescription.

**2.** Richison argues that the district court erroneously considered his arrest record and danger to

the community as well. However, the judge's remarks about arrests and danger to the community were expressions of his tentative views. They were not part of his final statement of reasons.

and the pendency of other criminal charges at the time of the offense, may be considered in departing from the otherwise applicable Guideline range. U.S.S.G. § 4A1.3, p.s.

■ This case raises the issue of whether alcohol and cocaine abuse were adequately taken into consideration by the Commission. Section 5H1.4 declares that a defendant's physical condition, including drug dependence and alcohol abuse, is ordinarily a factor that is not relevant in determining whether a sentence should be outside the Guidelines or where within the Guidelines the sentence should fall. It goes on to state that "[d]rug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines." *Id.* Reading these two statements together suggests that the Commission meant to foreclose consideration of dependency only as a ground for downward departure, leaving open the possibility of taking drug or alcohol abuse into account in determining where within the Guidelines a sentence should fall, or whether an upward departure is warranted, if extraordinary circumstances exist.

Given its policy statement on physical condition, and its overall commitment to reducing disparity in sentences, the Commission cannot have intended that drug abuse be an aggravating factor in the usual case; otherwise it would, sadly enough, suffice for an upward departure in almost every case.[3] Also, the Guidelines contemplate that the terms and conditions, as well as the period of, supervised release should be adjusted to reflect a defendant's drug and alcohol abuse. U.S.S.G. § 5H1.4, p.s. Thus, while dependency may influence supervised release in the ordinary case, it should affect time in custody only in the exceptional case. Before considering departure on account of dependency, therefore, a sentencing judge should find that the particular defendant's condition is so out of the ordinary that departure, rather than any other measure, is required, and state the reasons why a greater period of

incarceration is more appropriate than a longer term of supervised release.

Because the district court in this case did not articulate any basis for finding Richison's drug and alcohol dependency to be a relevant factor within the meaning of section 5H1.4, we must remand for resentencing.

*Steps Four and Five.* It is unnecessary to reach steps four and five in view of the remand on drug and alcohol dependency. However, because resentencing will in any event be necessary, we note that even though the departure based on criminal history was appropriate under step one, the district court failed to state reasons for placing Richison in Category IV instead of some lesser category. *See United States v. Cervantes,* 878 F.2d 50, 54 (2d Cir.1989); *United States v. Lopez,* 871 F.2d 513, 515 (5th Cir.1989). U.S.S.G. § 4A1.3, p.s., declares the Commission's intent that the court use the Guideline range for a defendant with a higher or lower criminal history, as applicable. We are unable to tell what it is about Richison's criminal record that makes him suitable for placement in one category rather than another. On remand the judge should consider whether Richison's criminal history most closely resembles that of defendants with a Category II criminal history, or is so egregious that further departure is warranted. Another factor that the district court should consider is the extent to which the Guidelines have already considered whether old sentences should be counted, *see* U.S.S.G. § 4A1.1, and the specific reasons why this particular defendant's criminal history is more serious than others in Category I.

**VACATED AND REMANDED.**

---

**3.** *Cf. Nuno–Para,* 877 F.2d at 1414 (finding small bag of marijuana at defendant's residence inade-

quate basis on which to depart from Guidelines).