943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge PEREZ-MAGANA, Defendant-Appellant.
 No. 90-50107.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1990.
Decided Sept. 9, 1991.
 
 Before D.W. NELSON and REINHARDT, Circuit Judges, and SINGLETON,* District Judge.
 MEMORANDUM**
 Appellant Jorge Perez-Magana, convicted of transporting illegal aliens, appeals the district court's imposition of a 30-month sentence, which included an upward departure from the 6-12 month sentencing range suggested by the Sentencing Guidelines. While appellant concedes that the district court could depart and that it adequately explained its decision to do so, he argues that its degree of departure was unreasonable and that the court failed to give reasons for such a degree. We vacate the sentence and remand for resentencing.
 In reviewing a district court's departure from the Sentencing Guidelines, we use the standard of review enunciated in United States v. Lira-Barraza, No. 88-5161, slip op. 9025, 9029-30 (9th Cir. July 22, 1991) (en banc). According to this standard, departures should be reviewed according to a three-step process. Only the third step is relevant here--i.e., whether the extent or degree of departure was "unreasonable." Id. at 9030.
 Appellant shows that in order to get a 30-month sentence, his offense level would have to jump from 4 to 10, a 250% increase in offense levels and a similar rise in months incarcerated. See Ch. 5, Pt. A. He sees this as totally unreasonable, particularly in light of the district court's failure to give any reasons for the degree of its departure.[1]
 A plethora of our cases insists that the sentencing court at the very least give reasons for the degree of its departure. See, e.g., United States v. Pearson, 911 F.2d 186 (9th Cir.1990) (abuse of discretion where district court judge used his own past sentencing practices as analogy); United States v. Todd, 909 F.2d 395 (9th Cir.1990) (remand for failure to explain how court arrived at 34-month departure); United States v. Richison, 901 F.2d 778 (9th Cir.1990) (court must give reasons for degree); United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989) (same).
 Where the degree of departure is not accounted for, as in the present case, we are unable to assess the reasonableness of such a degree. Simply because the judge has run out of criminal history categories does not permit him or her to avoid giving reasons.
 VACATED and REMANDED.
 
 
 1
 THE MANDATE SHALL ISSUE FORTHWITH.
 
 
 
 *
 The Honorable James K. Singleton, Jr. District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We also note that an amendment effective November 1, 1990, created § 3C1.2, entitled "Reckless Endangerment During Flight," which reads: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase [the offense level] by 2 levels." See also Lira-Barraza, supra, at 9031 & n. 7. Since this fits high-speed chases to a tee, were this section to apply in the present case, the level would be six and the sentence 12-18 months, far shy of 30