947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Alan STEPP, Defendant-Appellant.
 No. 90-10454.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1991.
Decided Oct. 23, 1991.
 
 1
 Before CANBY and KOZINSKI, Circuit Judges, and HUFF,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Keith Allen Stepp appeals his conviction by jury trial for separate counts of forgery and uttering a forged United States Treasury check. He also appeals the sentence imposed for those convictions. We affirm the conviction, but vacate the sentence and remand for resentencing.
 
 BACKGROUND
 
 4
 On April 22, 1988, the United States Treasury mailed a check for $765.73 payable to Brian K. and Ellen R. Noble to the Nobles' address in Tucson. Some three weeks before the mailing, the Nobles had moved from that address, and the landlord had not attempted to collect mail addressed to them. The Nobles never received the check. Meanwhile, Stepp moved into the Nobles' prior residence. The check, bearing forced endorsements, eventually was deposited to the account of Donald Dill and Elizabeth Kinnard. The United States later charged Stepp with forging and uttering the check.
 
 
 5
 At trial, Dill testified that he had received the check as payment for artwork he had sold, but that he had not received the check from Stepp. A forensic document analyst, however, testified that Stepp's thumb print was on the check. Relying on a comparison of handwriting samples, the analyst further testified that it was "virtually certain" that Stepp forged Brian Noble's endorsement. Stepp attempted to cross-examine that expert by questioning him about variations in the signature of the postal inspector who had investigated Stepp's case. The district court, however, prohibited that line of questioning. Stepp appeals that ruling.
 
 
 6
 At the end of the prosecution's case, Stepp moved for acquittal on the uttering charge, contending that the government had introduced no evidence beyond that of mere forgery. The district court denied that motion, and Stepp appeals. Stepp later submitted numerous proposed jury instructions, which the district court also denied. Stepp appeals the denial of three of those instructions.
 
 
 7
 The jury convicted Stepp of forging and uttering the check. At sentencing, the district court considered the presentence report indicating that Stepp's criminal history category was three, with an offense level of six. Stepp's sentencing range accordingly was between two and eight months. The judge departed from that range by sentencing Stepp to 18 months of incarceration and 36 months of supervised release, including substance abuse treatment. That sentence would be within the range appropriate for criminal history category six. Stepp appeals the sentence.
 
 DISCUSSION
 I. Evidentiary and Procedural Rulings
 
 8
 Stepp challenges three of the district court's rulings. He first contends that the district court's refusal to allow cross-examination of the document analyst deprived him of his sixth amendment right to confront witnesses. This ruling clearly fell within the trial judge's wide discretion in limiting cross-examination. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The attempted cross-examination was somewhat afield, dealing as it did with signatures of the postal inspector. Finding no abuse, we affirm the trial court's ruling. See United States v. Jackson, 882 F.2d 1444, 1446 (9th Cir.1989).
 
 
 9
 Equally unavailing is Stepp's second argument that there was insufficient evidence to convict him of uttering the check. The evidence that Stepp forged the endorsement and that the check subsequently was negotiated is sufficient to support his conviction for uttering. See United States v. Hamilton, 437 F.2d 448, 449 (8th Cir.1971). A rational juror could find beyond a reasonable doubt that Stepp must have put the check in circulation. See Jackson, 882 F.2d at 1446.
 
 
 10
 Finally, Stepp argues that the district court deprived him of his right to a jury instruction on his theory of the case as to Count Two.[1] This contention is without merit. It is true that a defendant is entitled to an instruction on his theory of the case if that theory is legally sound and supported by the evidence. United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987); United States v. Mann, 811 F.2d 495, 496 (9th Cir.1987). Stepp contends that his theory was "insufficiency of the evidence." This theory, when stated that broadly, is part of almost any criminal jury trial, and the routine instructions on the government's burden of proof and the elements of the charged crime suffice to present it to the jury. Stepp is not entitled to any particular form of instruction, and the instructions given[2] fairly and adequately covered his theory. See United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988). We therefore affirm the district court's denial of Stepp's proposed jury instructions.
 
 II. Sentencing
 A. Mootness
 
 11
 At the time of oral argument, Stepp had completed his prison term and had started serving the supervised release phase of his sentence. Because our decision may affect the length of the release period, the sentencing issue is not moot. See United States v. Lira-Barraza, No. 88-5161, slip op. at 9025, 9028 n. 1 (9th Cir. July 22, 1991) (en banc); United States v. Montenegro-Rojo, 908 F.2d 425, 431 n. 8 (9th Cir.1990).
 
 B. Upward Departures
 
 12
 A court may depart from the Sentencing Guideline range if it finds an aggravating or mitigating circumstance not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b). We review de novo the question of whether the Sentencing Commission adequately considered the factors used here. See United States v. Richison, 901 F.2d 778, 780 (9th Cir.1990).
 
 1. Criminal History
 
 13
 The district court departed here because it concluded that Stepp's criminal history category did not adequately reflect the seriousness of his past conduct. See United States v. Chavez-Botello, 905 F.2d 279, 281 (9th Cir.1990) (quoting U.S.G.S. § 4A1.3). Yet the court failed to justify its degree of departure by analogizing Stepp's criminal history score, as determined by the Sentencing Guidelines, to his true history. See United States v. Cervantes Lucatero, 889 F.2d 916, 919 (9th Cir.1989). Merely reciting the criminal history factors without analogizing to the guidelines at each step is insufficient. See Montenegro-Rojo, 908 F.2d at 431. Without this analogy, we cannot review the reasonableness of the departure. See Cervantes Lucatero, 889 F.2d at 919; Chavez-Botello, 905 F.2d at 281. The government at oral argument contended, with some force, that Stepp may have waived any objection to the trial court's method of departure by failing to raise it at the time of sentencing. Because we conclude that Stepp must be resentenced on another ground, we will not enforce the waiver, if any occurred. On resentencing, the district court shall adhere to Montenegro-Rojo.
 
 2. Drug Rehabilitation
 
 14
 Stepp also contends that the district court improperly based the sentence on drug rehabilitation concerns. The record does reflect that Stepp's drug abuse was a factor. Prior to imposing sentence, the judge and counsel engaged in an extended discussion of defendant's drug addiction and the effect of confinement on it. The judge stated he was departing upward because Stepp's guideline level did not adequately reflect his history as to "fraud, theft and repeated drug use." After sentencing, the judge stated: "By that time you might just have dried out and be in the position that you make it on the outside." Yet the record contains no express finding that Stepp's condition is so out of the ordinary that departure is required. See Richison, 901 F.2d at 781. Nor does the record explain why a longer period of incarceration would be more appropriate than a longer term of supervised release. See id. The sentence therefore is based on an improper factor. See id. We consequently must vacate the sentence and remand the case, even though the judge may have based departure on proper factors as well. See United States v. Hernandez-Vasquez, 884 F.2d 1314, 1315-16 (9th Cir.1989).
 
 
 15
 On resentencing, Stepp's drug abuse is not to be used as a ground for upward departure absent the findings required by Richison, 901 F.2d at 871. Upward departure, if any, on the ground that Stepp's criminal history category does not reflect the seriousness of his past conduct is to follow the procedure set forth in Montenegro-Rojo, 908 F.2d at 431.
 
 
 16
 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 The Honorable Marilyn Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Stepp claims that three proposed jury instructions were necessary to cover his defense of insufficient evidence. Those instructions point out: (1) the need for a union between action and intent (proposed instruction 10); (2) presence alone does not permit an inference connecting presence to alleged criminal conduct (proposed instruction 13); and (3) inferences may not be drawn unless the evidence provides substantial assurance that there is a rational connection between the facts proved and the facts inferred (proposed instruction 18)
 
 
 [2]
 The court gave the jury a general instruction on the burden of proof, and another on reasonable doubt. It instructed on the charge of uttering as follows:
 The defendant is charged in Count II of the Indictment with uttering and publishing a forged writing. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
 First, the defendant circulated or offered to circulate a United States Treasury check;
 Second, the defendant knew that the endorsement of the payee was forged; and
 Third, the defendant acted with intent to defraud.