89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Martin Vincente M. PATINO, Defendant-Appellee.
 No. 95-30041.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Vincente M. Patino appeals his sentence[1] following a guilty plea to distributing heroin, in violation of 21 U.S.C. § 841(a)(1). Patino contends that the district court erred by denying him a two-point downward adjustment for acceptance of responsibility, under U.S.S.G. § 3E1.1(a), and that his counsel rendered ineffective assistance of counsel at sentencing. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and affirm.
 
 
 3
 Patino failed to object to the presentence report's determination that he did not accept responsibility. In fact, when the district court inquired about the acceptance of responsibility issue, Patino stated he was not accepting responsibility. The district court did not err by refusing to reduce Patino's offense level for acceptance of responsibility. See United States v. Richison, 901 F.2d 778, 779-80 (9th Cir.1990) (district court did not err by denying acceptance of responsibility when defendant failed to object to calculation of offense level at sentencing).
 
 
 4
 Patino contends that his attorney should have argued for a reduction for acceptance of responsibility at sentencing. We review the ineffectiveness of counsel claim on direct appeal because the record is sufficient to resolve the issue. See United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). To succeed on an ineffective assistance of counsel claim, a defendant must show that counsel's actions were deficient and that he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 Patino told the probation officer that he did not distribute or sell any drugs, and that he was simply present during a drug sale. Because Patino did not demonstrate any acceptance of personal responsibility for his crime, Patino was not entitled to a reduction for acceptance of responsibility, despite his guilty plea. U.S.S.G. § 3E1.1, comment. (n. 3); United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). Because Patino has failed to show how his counsel's alleged incompetence resulted in the denial of an acceptance of responsibility reduction, Patino was not denied the effective assistance of counsel. See Strickland, 466 U.S. at 687.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Patino's opening brief also challenged his guilty plea. Patino, however, has filed a motion and declaration signed by Patino to limit this appeal to review of his sentence only. We grant the motion