UNITED STATES of America, Plaintiff–Appellee,

v.

**William JACKSON, Defendant–Appellant.**

No. 99–10517.
D.C.No. CR–98–00537–1–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided June 28, 2001.

---

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM *

William Jackson appeals his conviction and sentence on two counts of possession

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

with intent to distribute methamphetamine in excess of ten grams and one count of conspiracy to distribute and possess with intent to distribute methamphetamine in excess of ten grams, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. We affirm his conviction and sentence.

## I.

█ Jackson waived his right to be present at the side-bar *voir dire* during jury selection. Although he had the right under the Constitution and the Federal Rules of Criminal Procedure to be present, *see Campbell v. Wood,* 18 F.3d 662, 671 (9th Cir.1994) (en banc); Fed.R.Crim.P. 43(a), he could waive that right both under the Constitution, *see Campbell,* 18 F.3d at 671–72, and under the Rule, *see* Fed. R.Crim.P. 43(b)(1). Contrary to Jackson's contention, his waiver need not be made expressly on the record; so long as he is aware of the trial conference, he must affirmatively assert his right to be present or it is waived. *See United States v. Gagnon,* 470 U.S. 522, 528, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (Rule 43). We have applied this requirement to side-bar conferences. *See United States v. Sherwood,* 98 F.3d 402, 407 (9th Cir.1996). Jackson was present in the courtroom and was clearly aware that the conferences were taking place, but he did not assert his right to be included.

## II.

█ Jackson similarly waived his right to testify on his own behalf. Such a waiver must be knowing and intentional, *see United States v. Joelson,* 7 F.3d 174, 177 (9th Cir.1993), but, again contrary to Jackson's contention, the waiver need not be expressly made on the record.

> The trial court "'has no duty to advise the defendant of his right to testify, nor is the court required to ensure that an

on-the-record waiver has occurred.'" [*United States v. Edwards,* 897 F.2d 445, 446 (9th Cir.1990)] (quoting *Martinez,* 883 F.2d at 760). Rather, if the defendant wants to testify, he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer. *Martinez,* 883 F.2d at 761. Thus, waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so.

*Joelson,* 7 F.3d at 177. Here, the trial court instructed the jury during the trial, in Jackson's presence, that Jackson had the choice to testify or not. The district court asked Jackson's attorney at trial, in Jackson's presence, whether the defense was planning to rest. After consulting with Jackson, his attorney responded that Jackson would rest without putting forth a defense. At no time did Jackson indicate to the court that he wanted to testify. Jackson's own statement at sentencing confirms that he was aware of his right to testify, and had acquiesced (albeit reluctantly) in his lawyer's tactical decision that he not take the stand. We thus conclude that Jackson knowingly and intentionally relinquished his right to testify.

## III.

### A.

█ The district court did not clearly err in denying Jackson a two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. *See United States v. Villasenor–Cesar,* 114 F.3d 970, 973 (9th Cir. 1997) (applying the clear error standard of review). The district court found Jackson's statement of contrition insincere and belated. Under the § 3E.1.1 these were appropriate factors to guide the district

court's determination, *see United States v. Sitton,* 968 F.2d 947, 962 (9th Cir.1992), and the court's findings were not clear error. We therefore affirm the district court's denial of the acceptance of responsibility reduction.

### B.

■ The district court also did not clearly err in denying Jackson a four-level downward adjustment for minimal participation in the offense, pursuant to U.S.S.G. § 3B1.2. *See United States v. Manarite,* 44 F.3d 1407, 1420 (9th Cir.1995) (clear error standard applies). The minimal role reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2(a) & comment n. 1.

Jackson sought the minimal participant reduction on the theory that he played a small role compared to the overall drug distribution activities of his codefendant, Booth. But Jackson did not produce evidence of the existence or scope of any such larger enterprise. His role in the drug distribution scheme that was proved at trial was significant. The district court noted that Jackson was the supplier of drugs to another individual and was the recipient of cash or drugs in exchange. It did not clearly err in finding that Jackson was not entitled to the adjustment.

### C.

■ The district court had no authority to depart downward on the ground of Jackson's drug addiction. U.S.S.G. § 5H1.4; *United States v. Richison,* 901 F.2d 778, 781 (9th Cir.1990). We cannot

entertain Jackson's remaining claims that the district court erred in failing to depart downward.[1] The district court was aware of its discretionary authority to depart downward on all of the other grounds urged by Jackson at sentencing, and declined to depart. A district court's discretionary refusal to depart from the sentencing guidelines is not reviewable on appeal. *United States v. Morales,* 898 F.2d 99, 102 (9th Cir.1990).

### IV.

Jackson's conviction and sentence are AFFIRMED.

---

1. To the extent that Jackson's sentencing appeal encompasses his earlier objections to the assignment of criminal history points in the first instance, we find no merit to his objections. We review de novo a district court's determination that a prior conviction should

be counted for criminal history purposes under the guidelines. *United States v. Sandoval,* 152 F.3d 1190, 1191 (9th Cir.1998). We have reviewed the 1985 offenses, and all of Jackson's other prior offenses, and find no error in the assignment of criminal history points.