UNITED STATES of America,
Plaintiff—Appellee,

v.

Donald S. FLETCHER, Defendant—
Appellant.

No. 02–30006.

D.C. No. CR–99–66 BLG (RFC).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 8, 2002.

Before TROTT, NELSON, and THOMAS, Circuit Judges.

### MEMORANDUM *

Donald S. Fletcher, a federal prisoner, appeals the sentence entered by the district court. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The district court did not abuse its discretion in upwardly departing from the United States Sentencing Guidelines. The record reflects that the district court properly complied with the departure analysis as set forth in *United States v. Sablan,* 114 F.3d 913, 916–17 (9th Cir.1997) (en banc).

The district court did not abuse its discretion by imposing a two-level upward departure in the criminal history category. Neither the Sentencing Guidelines nor case law confines a district court to a one-level departure. *See* U.S.S.G. § 4A1.3; *United States v. Richison,* 901 F.2d 778, 781 (9th Cir.1990) (per curiam). In addition, the district court's analysis of the methodology it was using to depart upward two levels was sufficient for us to ascertain why the district court departed upward two levels rather than one level, even though the district court did not explicitly explain why it did not enhance by only one level. *See United States v. Starr,* 971 F.2d 357, 363 n. 7 (9th Cir.1992).

The district court did not abuse its discretion by relying upon prior civil verdicts when departing upward with respect to

Fletcher's criminal history. *See* U.S.S.G. § 4A1.3 (providing for a trial court to weigh "(c) prior similar misconduct established by a civil adjudication ...," "(d) ... pending trial or sentencing on another charge at the time of the instant offense," and "(e) prior similar adult criminal conduct not resulting in a criminal conviction."); *United States v. Connelly,* 156 F.3d 978, 983 (9th Cir.1998) ("An upward departure may be warranted when the defendant has committed crimes or conduct that the criminal history calculation instructions fail specifically to consider.") (internal quotation marks and citation omitted).

### II

The district court did not err in imposing an upward sentencing adjustment based on Fletcher's use of sophisticated means to conceal his tax evasion. The record shows that Fletcher conducted regular public tax seminars to facilitate fraud, solicited two other principals to assist in his scheme, and financially profited from his conduct. He created false documentation, failed to sign tax statements that he prepared, and encouraged taxpayers to hide assets in trusts for illegal purposes, claim personal expenses as business deductions, and when audited, encourage them to create false records to substantiate the inflated claims. Fletcher targeted a population that was less sophisticated with respect to tax law, represented that his advice was legal, and withheld information from his clients that other taxpayers in Ohio and California who had followed his advice had been subjected to audits, fines, and back-interest and that he himself had been found civilly liable for fraud for dispensing such advice. These facts provide a sufficient basis for the court to impose the upward adjustment. *See Unit-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed States v. Aragbaye, 234 F.3d 1101, 1107–08 (9th Cir.2000); United States v. Lewis, 93 F.3d 1075, 1082–83 (2d Cir.1996).

### III

The district court neither clearly erred in determining the amount of loss nor abused its discretion in evaluating the reliability of the evidence presented. See United States v. Scrivener, 189 F.3d 944, 949 (9th Cir.1999) (discussing standard of review). The evidence that the government tendered at sentencing as to the intended loss is sufficient to sustain the district court's determination, especially given the absence of any contrary reliable evidence submitted by the defendant.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Louis H. Pollak, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.